IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| *In re:* § | | |
| § | | |
| **Rafael Montes de Oca,** § | | Case No. 15-10587-tmd |
| § | | (Chapter 13) |
| *Debtor* § | | |

## OBJECTION TO CONFIRMATION OF AMENDED CHAPTER 13 PLAN

TO THE HONORABLE TONY M. DAVIS, U. S. BANKRUPTCY JUDGE:

NOW COMES EDUARDO GUTIERREZ, a secured creditor and party in interest in these proceedings ("Gutierrez"), and objects to confirmation of the Amended Chapter 13 Plan and Motion for Valuation filed in this case on August 10, 2015 [ECF Document No. 43] (the "Amended Plan") by the Debtor, RAFAEL MONTES DE OCA ("Debtor"). In support of his objection, Gutierrez would respectfully show the Court the following:

1. This case was commenced as a case under Chapter 13 of the Bankruptcy Code by Voluntary Petition filed by the Debtor on May 4, 2015 (the "Petition Date"). The case was commenced one day before a scheduled Sheriff's Sale to satisfy Gutierrez's Judgment described below, scheduled for Tuesday, May 5, 2015. The property that would have been sold in the scheduled Sheriff's Sale is certain improved real property owned by the Debtor described as .467 acres out of the LC Cunningham Survey Abstract 163, Travis County, Texas, and locally known as 15200 FM 1825, Pflugerville, Texas (the "Property").

2. Gutierrez is a secured creditor in this case by virtue of a Final Judgment of the County Court at Law No. 2 of Travis County, Texas, signed July 24, 2014 (the "Judgment"), in Cause No. C-1-CV-12-000782, styled *Eduardo Gutierrez, Plaintiff v. Rafael Montes de Oca, Defendant*

(the "State Court Lawsuit"), and by virtue of an Abstract of Judgment filed of record on September 10, 2014, recorded as Instrument No. 2014136199 in the Official Public Records of Travis County, Texas (the "Abstract of Judgment"). The filing of the Abstract of Judgment created a judgment lien against the Debtor's Property, described in Paragraph 1 of this Objection, above, pursuant to TEX. PROP. CODE ANN. §52.001, *et seq.*

3. Gutierrez timely filed a Proof of Claim in this proceeding, asserting Gutierrez's claim in the amount of $149,928.90 as being fully secured by a judgment lien against the Property. [See Claim No. 7, filed by Eduardo Gutierrez on July 22, 2015.]

4. On the Petition Date, the judicial lien securing Gutierrez's claim against the Debtor was second in priority only to the statutory lien securing the current year's ad valorem property taxes against the Property and to the lien of a deed of trust in favor of Katenell, LLC, a private property tax lender (Proof of Claim No. 4 in this case, filed May 29, 2015). The Debtor has valued the Property at $380,681.00 in his schedules [See Debtor's Schedule A, filed May 29, 2015 (ECF Document No. 13, Page 1)]. Gutierrez believes the Property is worth more than this figure. However, even using the Debtor's value, the value of the Property substantially exceeds the total of all claims that are secured by liens against the Property.

5. For the reasons explained in Paragraph 4 of this Objection, above, Gutierrez objects to the claim of the Internal Revenue Service being paid pro rata with Gutierrez's secured claim. The Debtor's Schedule I and Form 22C-1 ("Statement of Current Monthly Income and Calculation of Commitment Period") [ECF Document No. 13] both state the Debtor receives gross monthly rents from the Property of $8,750.00. In addition, the Debtor's Schedule I states the Debtor receives an additional $350 per month as "sign rental", which is also derived from the Property. All of these amounts are Gutierrez's "cash collateral" within the meaning of 11 U.S.C.

§363(a), which pursuant to 11 U.S.C. §363(c)(2) the Debtor and the Trustee may not "use, sell or lease … unless … each entity that has an interest in such cash collateral consents; or … the court, after notice and a hearing, authorizes such use, sale or lease in accordance with the provisions of this section." Gutierrez expressly *does not consent* to any use of cash collateral in this case, other than to pay his secured claim. Paying Gutierrez's claim pro rata with the combined secured and priority claims of the Internal Revenue Service would result in Gutierrez receiving less than 40% of monthly distributions, while most of the income being used by the Debtor to fund the Amended Plan is derived from the Property on which Gutierrez has a lien.

6. The Amended Plan does not comply with the requirements of 11 U.S.C. §1325(a)(5) with respect to the treatment of secured claims. Specifically, the Amended Plan does not provide for the payment of Gutierrez' claim in equal monthly amounts.

WHEREFORE, PREMISES CONSIDERED, Gutierrez prays that at the hearing on confirmation of the Debtor's Amended Plan, such confirmation be in all things denied, and that the Debtors' proposed valuation of the Property be disallowed.

/s/ Weldon Ponder
B. WELDON PONDER, JR.
Attorney at Law
State Bar of Texas No. 16110400
9442 Capital of Texas Highway North
Arboretum Plaza One, Suite 500
Austin, Texas 78759-7262
Phone (512) 342-8222 / Fax (512) 342-8444
email address: welpon@austin.rr.com

ATTORNEY FOR EDUARDO GUTIERREZ

**Certificate of Service**

    I, B. Weldon Ponder, Jr., attorney for Eduardo Gutierrez, hereby certify that on the 8th day of September, 2015, a true and correct copy of the foregoing Objection was served upon each of the following parties in interest and attorneys, by the method indicated:

Rafael Montes de Oca (Debtor)
3417 Vintage Drive
Round Rock, TX 78664
(Served via U. S. mail, first class postage prepaid)

Elizabeth June Hickson (attorney for the Debtor)
sandravasquez@hicksonlawpc.com ; cantuandhickson@sbcglobal.net
(Served electronically, through CM/ECF)

Douglas J. Powell (attorney for creditors Katenell, LLC, Lillian Wilson, LLC, and Tarpon Hunters LLC)
notices@swbell.net
(Served electronically, through CM/ECF)

Lee Gordon (attorney for creditor Williamson County)
McCreary Veselka Bragg & Allen, PC
vcovington@mvbalaw.com ; kmorriss@mvbalaw.com ; othercourts@mvbalaw.com
(Served electronically, through CM/ECF)

Michael W. Zientz (attorney for creditor Ocwen Loan Servicing, LLC)
txwd@mwzmlaw.com
(Served electronically, through CM/ECF)

Mitchell D. Savrick (attorney for creditor Reagan National Advertising of Austin, Inc.)
Savrick Schumann Johnson McGarr Kaminsky & Shirley, L.L.P.
mitchell@ssjmlaw.com ; jeanne@ssjmlaw.com

Deborah B. Langehennig, Chapter 13 Trustee
mschoppe@ch13austin.com ; courtdownloads@ch13austin.com
(Served electronically, through CM/ECF)

United States Trustee - AU12
ustpregion07.au.ecf@usdoj.gov
(Served electronically, through CM/ECF)

        /s/Weldon Ponder
       B. Weldon Ponder, Jr.

4