

**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: December 22, 2015.**

_____
**TONY M. DAVIS
UNITED STATES BANKRUPTCY JUDGE**
_____

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS AUSTIN DIVISION

| | |
|---|---|
| DEBORAH B. LANGEHENNIG<br>3801 S CAPITAL OF TEXAS HWY<br>SUITE 320<br>AUSTIN, TX 78704-6640 | Case No. 15-10587-TMD<br>Chapter 13<br><br>**ORDER CONFIRMING THE PLAN** |
| IN RE:<br>RAFAEL MONTES DE OCA<br>3417 VINTAGE DRIVE<br>ROUND ROCK, TX 78664 | DEBTOR'S ATTORNEY:<br>HICKSON LAW PC<br>4833 SPICEWOOD SPRINGS RD<br>STE 200<br>AUSTIN, TX 78759<br>(512) 346-8597 |

**ORDER CONFIRMING THE PLAN**

Having been considered by the Court, the Plan, or if applicable, the Amended Plan, filed by the Debtor on October 7, 2015 complies with all the provisions of Chapter 13 (11 U.S.C. 1301, et. seq.) and with all other applicable provisions of Title 11 of the United States Code; the Court concludes that the Plan should be confirmed, therefore,

IT IS ORDERED THAT:

1. The Plan is confirmed. The Debtor shall make payments for 59 months and the Plan base is $505,925.00. However, if the Plan calls for payment of 100% of the allowed unsecured claims, it shall continue for the lesser of the number of months called for in the Plan or the period of time

necessary to pay the total amount of allowed claims provided for in the Plan.

2. The Debtor shall commence making payments not later than 30 days after filing of the Plan or the Order of Relief, whichever is earlier, and continuing each month thereafter until further order, the Debtor shall pay to the Trustee, Deborah B Langehennig, Chapter 13 Trustee, PO BOX 298, Memphis, TN  38101-0298 the sum of $8,575.00 monthly (or the variable payments, if applicable, noted below) or until $505,925.00 is paid into the Plan.

Starting:      June 3, 2015                             $8,575.00   Number of Months:    UNTIL END OF PLAN

However, should the Debtor become more than sixty (60) days delinquent in making such Plan payments to the Trustee, this case may be dismissed without further notice upon the submission of an Order for Summary Dismissal by the Trustee. Further, this Order is without prejudice to the right of any party to request an employer pay order at a subsequent date.

3. All of the disposable income of the Debtor shall be submitted to the payment of creditors of this estate from the beginning date of the first payment until the Plan may be terminated, and they will provide such information as may be requested by the Trustee to exhibit the disposable income.

4. The Debtor has represented by requesting confirmation that, as of the date of the confirmation hearing, they are current on all post-petition direct payments. Confirmation will preclude any right the Debtor may otherwise have to later seek modification of the Plan to deal with any pre-confirmation defaults on direct payments.

5. In addition, all secured creditors shall retain their liens to the extent they are not avoided or modified by specific Court Order.

6. Notwithstanding 11 U.S.C. Section 347 Unclaimed Property, a claim previously allowed may be disallowed pursuant to 11 U.S.C. Sec. 502 for failure to maintain a current address with the United States Bankruptcy Clerk or negotiate Chapter 13 Trustee checks within the time limit specified on the check. Funds previously allocated by the Plan for such claims will be paid to other allowed claims pursuant to the Debtor's Plan.

7. If the Debtor receives an IRS tax refund after the petition date and before the final payment is made under the Plan, or the case is converted or dismissed, the Debtor may retain up to $1,000 of the refund each year for personal use. The Debtor shall turnover any amounts in excess of $1,000 to the Trustee as additional disposable income, unless otherwise ordered by the Court. The base amount of the Plan shall be increased by the amount turned over to the Trustee, and the Plan will be deemed modified accordingly.

8.  The Debtor's  attorney is allowed a total attorney fee of $3,800.00 with  $2,800.00 to be paid through the plan with an initial payment of $300.00 and subsequent monthly payments of $250.00.

**Special Language:**

The Plan as currently proposed pays a 100% dividend to unsecured claims. The Debtor shall not seek modification of this Plan unless said modification also pays a 100% dividend to unsecured claims. Additionally, should this Plan ever fail to pay a 100% dividend to unsecured claims, the Debtor will modify the Plan to continue paying a 100% dividend. If the plan fails to pay all allowed claims in full, the Debtor will not receive a discharge in this case.

Confirmation Recommended By:

/s/ Deborah B. Langehennig

Deborah B. Langehennig
3801 S Capital Of Texas Hwy, Suite 320
Austin, Tx 78704-6640

###