IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WETERN DISTRICT OF TEXAS
AUSTIN DIVISION

**FILED**
JAN 26 2016
U.S. BANKRUPTCY COURT
BY_____ DEPUTY

In re:

**Rafael Montes de Oca**　　　　　　　　　　Case NO. 15-10587-TMD
　　　　　　　　　　　　　　　　　　　　　　(Chapter 13)

**Debtor**

### OBJECT TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY

### "PRO SE" BY EDUARDO GUTIERREZ, SECURED CREDITOR

TO THE HONORABLE TONY M. DAVIS, US BANKRUPTCY JUDGE:

NOW COMES EDUARDO GUTIERREZ, Secured Creditor in interest in these Chapter 13 proceedings move the court to maintain the automatic stay of U.S.C., 362,

For the following reasons:

1. According to Rafael Montes de Oca and her bankruptcy attorney Elizabeth J. Hickson, on the explanation of their request of the motion for relief from the automatic stay filed on January 12, 2016, they stipulate that if the "Movant" is successful in his appeal he might be able to reduce in someway his debt to me the Secured Creditor.

2. The judgment that Rafael Montes de Oca the "Movant" owes and is paying me, a Secured Creditor, through the Bankruptcy Court, was awarded by an impartial jury and mandated by a Final Judgment from the Honorable Judge Eric Sheppard in Austin, Texas on July 24, 2014 (see attached Exhibit A), underscored, most probably by the fact that the "Movant" had committed perjury and acted in bad faith. It was the second time the case went before a jury and the second time he lost.

3. A Motion for New Trial on this Final Judgment filed by the "Movant" was categorically denied by the Honorable Eric M. Shepperd on September 22, 2014 (see attached Exhibit B).

4. Your Honor, the "Movant" filed an appeal to the Third Court around February 23, 2015. I personally obtained a Writ of Execution on March 4, 2015 (see attached Exhibit C). Two months later, with all the details ready for the Sheriff's auction of

the "Property" to be held on Tuesday, May 5, 2015, the "Movant" realizing that in 24 hours his property was to be auctioned to the highest bidder, filed for Bankruptcy on Monday, May 4, 2015. That action stopped the Sheriff's auction and stayed the appeal.

5. Your Honor, the "Movant" has had already four attorneys, I have had three and consulted several others. This process started over four years ago. If Montes de Oca does not prevail in the Third Court he will owe me an additional amount of $25,000 for attorney's fees already granted by the court's Final Judgment (see attached Exhibit A). He is currently in bankruptcy and has been unable to pay much towards his existing judgment. Although his motion asserts that success on appeal might reduce the amount owed, if he does not prevail the amount owed will increase. He should be required to get further along in the bankruptcy process and be more stable before this Court permits him to take an action that will likely add another $25,000.00 to his current debt. As mentioned he lost in trial twice.

6. If the Court decided to grant his motion, I would request that he be required to obtain a supersedes bond to cover the $25,000.00, which at this moment despite his assertions I believe will create a conflict in the **Bankruptcy Court Agreed Schedule of Payment.**

7. I am 69 years old, I do not need this constant capricious way of Montes de Oca and all the gimmicks he uses from the Justice System to avoid or delay payment. While Mr. Montes de Oca is acting like he is the victim in this situation, he owes money to myself and the IRS and he continues to use the system to try avoid paying. **I pray that you do not allow the relief from the automatic stay until Mr. Montes de Oca is further along in the bankruptcy process,** so I can continue to pay the patient people that I owe, and turn to do something productive in my life.

8. I hereby request that the Court, if it feels it is necessary, to set Movant's motion for oral argument.

I remain respectfully yours,

Eduardo Gutiérrez

*[signature]*
Pro Se

## CERTIFICATE OF SERVICE

I, Eduardo Gutierrez, hereby certify that on the 26th day of January, 2016, a true and correct copy of the foregoing "Object to Motion for Relief from the Automatic Stay" was served upon each of the following parties and attorneys, by the method indicated:

Rafael Montes de Oca (debtor)
3417 Vintage Drive
Round Rock, TX 78664
(Served via U.S. mail, first class postage prepaid)

Lance Justin Erickson on behalf of Creditor JPMorgan Chase Bank, National Association
mhtbkanhsselffilings@mccarthyholthus.com
(Served electronically via email)

Lee Gordon on behalf of Creditor County Of Williamson
vcovington@mvbalaw.com;kmorriss@mvbalaw.com;sonya.ragsdale@mvbalaw.com
(Served electronically via email)

Elizabeth June Hickson on behalf of Debtor Rafael Montes de Oca
sandravasquez@hicksonlawpc.com, cantuandhickson@sbcglobal.net
(Served electronically via email)

Deborah B. Langehennig
mschoppe@ch13austin.com, courtdownloads@ch13austin.com
(Served electronically via email)

B. Weldon Ponder, Jr. on behalf of Creditor Eduardo Gutierrez
welpon@austin.rr.com, rmshep1@austin.rr.com;wponder3@austin.rr.com
(Served electronically via email)

Douglas J. Powell on behalf of Creditor Katenell, LLC
notices@swbell.net
(Served electronically via email)

Douglas J. Powell on behalf of Creditor Lillian Wilson, LLC
notices@swbell.net

(Served electronically via email)
Douglas J. Powell on behalf of Creditor Tarpon Hunters LLC
notices@swbell.net
(Served electronically via email)

Mitchell D. Savrick on behalf of Creditor Reagan National Advertising of Austin, Inc.
mitchell@ssjmlaw.com, jeanne@ssjmlaw.com
(Served electronically via email)
United States Trustee - AU12
ustpregion07.au.ecf@usdoj.gov
(Served electronically via email)

Michael W. Zientz on behalf of Creditor Ocwen Loan Servicing, LLC
txwd@mwzmlaw.com
(Served electronically via email)

Eduardo Gutiérrez

# EXHIBIT A

CAUSE NO. C-1-CV-12-000782

| | | |
|---|---|---|
| EDUARDO GUTIERREZ, Plaintiff | § § | IN THE COUNTY COURT |
| v. | § | |
| RAFAEL MONTES DE OCA, Defendant | § § | AT LAW NO. 2 TRAVIS COUNTY, TEXAS |

### FINAL JUDGMENT

CAME ON FOR final jury trial on the 23rd, 24th and 25th day of June, 2014, the above-styled and numbered cause. Plaintiff/Counter-Defendant, Eduardo Gutierrez, (the commercial premises tenant), appeared in person and with his attorney of record, Paul T. Morin of Paul T. Morin, P.C and announced ready. The Defendant/Counter-Plaintiff, Rafael Montes De Oca, (the commercial premises landlord) appeared in person and with his attorney of record, Ray Bass, and announced ready. A jury consisting of six qualified jurors was duly empaneled, and the case proceeded to trial. After all parties had presented evidence and closed, the Court submitted questions of fact to the jury. In response to the jury Charge, the jury made findings that the Court received and entered of record. The jury's Verdict is hereby incorporated by reference.

With respect to Defendant Rafael Montes De Oca, the jury found that:

1. On or about August 10, 2011, Defendant failed to place a written notice on the front door of the Macchu Pichu restaurant stating the name and address or telephone number of the individual company from which a new key could be obtained (Question 1), and that the sum of $8,000.00 would fairly and reasonably compensate Plaintiff for his damages proximately caused by such lockout (Question 2);

2. Defendant wrongfully failed to refund the sum of $19,570.65 of Plaintiff's security deposit (Questions 3 and 4), and that Defendant retained Plaintiff's security deposit in bad faith (Question 5);

3. Defendant breached his implied covenant of quiet enjoyment of the leased premises and constructively evicted Plaintiff, and that the sum of $18,424.04 would fairly and reasonably compensate Plaintiff for his damages proximately caused by such conduct (Questions 9 and 10); and,



1

4. A reasonable fee for the necessary services of Plaintiff's attorneys is $50,000.00 for representation in the trial court, $25,000.00 for representation through appeal to the court of appeals, $7,500.00 for representation at the petition for review stage in the Supreme Court of Texas, $5,000.00 for representation at the merits briefing stage in the Supreme Court of Texas, and $5,000.00 for representation through oral argument and the completion of proceedings in the Supreme Court of Texas (Question 15).

With respect to Plaintiff Eduardo Gutierrez, the jury:

1. Found that the sum of $-0- would fairly and reasonably compensate Defendant for his damages, if any, proximately caused from the failure of Plaintiff to comply with the Corporate Sales Agreement by failing to register the corporation in his name (Questions 16 and 17); and,

2. Failed to find that Plaintiff failed to comply with the Commercial Lease Agreement by failing to pay all rent, all personal property taxes, and all utilities required by the agreement (Questions 18, 20 and 22).

Since it appears to the Court that the jury's Verdict was for Plaintiff and against Defendant, judgment should be rendered on the Verdict in favor of Plaintiff Eduardo Gutierrez and against Defendant Rafael Montes De Oca. The Court finds that Plaintiff elected to terminate the lease on August 10, 2011 pursuant to *Tex. Prop. Code* §93.002(g)(1), and therefore, based upon the jury's answer to Question 1 of the Verdict, Plaintiff is entitled to one month's rent of $4,000.00 less any delinquent rents pursuant to *Tex. Prop. Code* §93.002(g)(2) in addition to the other relief provided therein. Accordingly,

It is therefore ORDERED and DECREED that Plaintiff, Eduardo Gutierrez, pursuant to the jury Verdict, have judgment over and against Defendant, Rafael Montes De Oca, as follows:

1. The sum of $2,666.67, which represents one month's rent of $4,000.00 less $1,333.33 in delinquent rent for the first ten days of August 2011;

2. The further sum of $8,000.00, which represents actual damages proximately caused by the lockout from the restaurant;

2

3. The further sum of $58,711.95, which represents three times the portion of the security deposit wrongfully withheld in bad faith pursuant to *Tex. Prop. Code* §93.011(a);

4. The $100.00 penalty for Defendant's bad faith retention of the security deposit pursuant to *Tex. Prop. Code* §93.011(a);

5. The further sum of $18,424.04, which represents actual damages proximately caused by the breach of the implied covenant of quiet enjoyment and constructive eviction;

6. The further sum of $50,000.00, which represents reasonable and necessary attorney's fees for representation in the trial court.

Plaintiff/Defendant, Eduardo Gutierrez, is entitled to a conditional judgment over and against Defendant/Plaintiff, Rafael Montes De Oca, for reasonable and necessary appellate attorney's fees as follows, conditioned upon Plaintiff prevailing at the following stages of appeal:

1. The sum of $25,000.00 for representation through appeal to the court of appeals;

2. The sum of $7,500.00 for representation at the petition for review stage in the Texas Supreme Court;

3. The sum of $5,000.00 for representation at the merits briefing stage in the Texas Supreme Court; and,

4. The sum of $5,000.00 for representation through oral argument and the completion of proceedings in the Texas Supreme Court.

IT IS FURTHER ORDERED that Plaintiff Eduardo Gutierrez have and recover judgment against Defendant Rafael Montes De Oca for costs of court incurred, including without limitation, the cost of the original transcript from the December 16, 2013 hearing in this cause in the amount of

$144.83 and the cost of the interpreter used during the trial of this cause in the amount of $375.00. Said award is ORDERED a part of the judgment herein rendered.

IT IS FURTHER ORDERED that Plaintiff Eduardo Gutierrez have and recover pre-judgment interest from Defendant Rafael Montes De Oca on the above award of $48,761.36 at the rate of FIVE PERCENT (5%) simple interest per annum commencing on February 16, 2012 and continuing through the date preceding the date of this judgment, which is calculated to be the sum of $5,911.45. Said award is ORDERED a part of the judgment herein rendered.

IT IS FURTHER ORDERED that all sums awarded herein to Plaintiff Eduardo Gutierrez against Defendant Rafael Montes De Oca shall bear interest at the rate of FIVE PERCENT (5%) per annum compounded annually from the date of this judgment until paid.

It is further ORDERED and DECREED that Defendant/Counter-Plaintiff, Rafael Montes De Oca, TAKE NOTHING against Eduardo Gutierrez for any damages or offsets; but that Defendant/Counter-Plaintiff Rafael Montes De Oca is entitled to possession of the leased commercial premises located at 15200 FM 1825, Pflugerville, Travis County, Texas 78660; however, no further orders shall issue for enforcement of this portion of the Judgment since Rafael Montes De Oca is already in possession such premises.

All costs of court incurred through the date of this judgment and on appeal, if necessary, shall be paid by Defendant Rafael Montes De Oca, for which let execution issue if not timely paid.

Plaintiff, Eduardo Gutierrez, is entitled to and shall have all such writs and processes as necessary to execute on this judgment.

All other relief requested and not expressly granted is DENIED. This is a Final Judgment

and it fully and finally disposes of all claims between Eduardo Gutierrez and Rafael Montes De Oca, and is appealable.

SIGNED this 24 day of July, 2014.

_____
HON. ERIC SHEPPARD
JUDGE PRESIDING

APPROVED AS TO FORM ONLY:

_____
Paul T. Morin, Attorney for Plaintiff/Counter-Defendant
SBN#14460550


_____
Ray Bass, Attorney for Defendant/Counter-Plaintiff
SBN#

5

# EXHIBIT B

1

CAUSE NO. C-1-CV-12-000782

| | | |
|---|---|---|
| EDUARDO GUTIERREZ, Plaintiff, | § § § § | IN THE COUNTY COURT |
| VS. | § § | AT LAW NUMBER TWO |
| RAFAEL MONTES DE OCA, Defendant. | § § § | TRAVIS COUNTY, TEXAS |

## ORDER

On September 19, 2014, the Court conducted a hearing on Defendant's Motion for New Trial and, after considering the pleadings in this case, the Motion, the response to the Motion, and the evidence filed in support of and in opposition to the Motion, the Court is of the opinion that the Motion, in all respects, should be denied.

Therefore, it is ORDERED, ADJUDGED, AND DECREED that Defendant's Motion for New Trial is DENIED.

SIGNED on this the 22nd day of September, 2014.

ERIC M. SHEPPERD, Judge Presiding

# EXHIBIT C

150071 DWH
EXECUTION
ISSUED 03/11/2015

# Writ of Execution

— 2  DWH  C-1-CV-12-000782

THE STATE OF TEXAS
COUNTY OF TRAVIS

EDUARDO GUTIERREZ, Plaintiff vs. RAFAEL MONTES DE OCA, Defendant

*TO ANY SHERIFF OR ANY CONSTABLE WITHIN THE STATE OF TEXAS:*

Whereas, EDUARDO GUTIERREZ Plaintiff on JULY 24, 2014 in COUNTY COURT AT LAW #2 of Travis County, Texas, recovered Judgment against RAFAEL MONTES DE OCA Defendant, whose last known address is 3417 VINTAGE DR ROUND ROCK, TX 78664, for the sum of $2,666.67, which represents one month's rent; the further sum of $8,000.00, for actual damages; the further sum of $58,711.95, which represents three times the portion of the security deposit; $100.00 penalty for security deposit; $18,424.04 actual damages for breach of the implied covenant of quiet enjoyment and constructive eviction; $50,000.00 attorney's fees; costs of court incurred of the original transcript from the December 16, 2013 hearing in the amount of $144.83; cost of the interpreter in the amount of $375.00; pre-judgment interest awarded in the amount of $5,911.45; post-judgment interest at 5% per annum compounded annually from the date of this judgment until paid. Per the 1-6-15 Order to Compel, plaintiff was awarded an additional attorney's fees in the amount of $1,500.00 on January 13, 2015.

AND WHEREAS said judgment is entitled to the following credits: $1,500.00

THEREFORE you are commanded to proceed without delay to levy upon property of said Defendants found in your county not exempt from execution and sell same according to law in satisfaction of said judgment, including the costs of executing this writ, less the credits hereinabove set out.
HEREIN FAIL NOT, but make due return of this execution to said County Clerk on or before 90 days from the date hereof, with your return thereon endorsed showing how you have executed the same.
Issued March 11, 2015, by Dana DeBeauvoir, County Clerk, Travis County, Texas.

By_____, DEPUTY
    A. DURAN

Attorney:
PAUL T MORIN
503 W 14TH ST
AUSTIN, TX 78701-1723

----------------------------------OFFICER'S RETURN----------------------------------
Came to hand the ____ day of _____, 201_ at ____ o'clock __M and executed
on the ____ day of _____, 201_ at ____ o'clock __M Carlos B. Lopez
                                                         Constable Pct. 5, Travis County, Texas

                              Sheriff/Constable,_____ County, TX

| Sheriff's/Constable's Fees | | | |
|---|---|---|---|
| Levy | $ _____ | Clerk's Fees | |
| Advertising | _____ | Clerk Fees | $ 226.00 |
| Notices | _____ | Service Fee | 70.00 |
| Commissions | _____ | Execution Fee | 10.00 |
| Deeds | _____ | | |
| Writ of Possession | _____ | AFFIDAVIT OF INDIGENCY ON FILE | |
| Return of Writ | _____ | | |
| Mileage ____ Miles | _____ | | |
| Printer's Fees | _____ | | |
| Records Mgmt Fee | _____ | | |
| Indigent Fee | _____ | | |

TOTAL $ _____                         TOTAL $ 0.00
NOTE: $220.00 CONSTABLE FEE WAS NOT PAID TO CLERK FOR WRIT (AFFIDAVIT OF INDIGENCY ON FILE)

«FORM_NUMBER»
«CASE_NUMBER»

CASE NO. 15-10587-TMD
(CHAPTER 13)

TO THE HONORABLE TONY M. DAVIS, U.S. BANKRUPTCY JUDGE:

NOW COMES EDUARDO GUTIERREZ (SECURED CREDITOR) PRO SE

I HAVE PROGRAMMED THE FOLLOWING TIME SCHEDULE

FROM FEB 16 - TO FEB 25 2016 A TRIP TO PORTLAND OREGON AND SAN LUIS OBISPO CA.

FROM MARCH 15 - TO APRIL 30 2016 A TRIP TO LIMA PERU

YOUR HONOR I PRAY THAT YOU DO NOT SCHEDULE ANY HEARINGS FOR THOSE DATES.

SINCERELY, YOURS

*Eduardo Gutierrez* (signature)

eagutierreztx@gmail.com